UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

HEATHER MAY HILGERS,

*Plaintiff*,

-against-

EXPERIAN INFORMATION SOLUTIONS, INC.,

*Defendant.*

**COMPLAINT**

**JURY TRIAL DEMANDED**

3:18-cv-1375 (BKS/DEP)

Plaintiff, Heather May Hilgers ("Plaintiff"), by her attorneys, the Law Office of Adam G. Singer, PLLC, as and for her Complaint against Defendant Experian Information Solutions, Inc. ("Experian" or "Defendant"), alleges as follows:

**<u>Preliminary Statement</u>**

1. Plaintiff brings this action to recover actual, statutory, and punitive damages as well as injunctive relief, costs and attorney's fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA") and the New York Fair Credit Reporting Act, NY General Business Law §380 et seq. ("NY FCRA").

2. Congress enshrined within the FCRA the "need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." §1681(a)(4).

3. Moreover, Congress has plainly stated the purpose of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . . ." §1681(b).

4.  Similarly, courts within the Second Circuit have stated that "[p]rotecting consumers from the improper use of credit reports is an underlying policy of the FCRA." *Margan v. Niles*, 250 F. Supp. 2d 63, 74 (N.D.N.Y. 2003) (citing *Jones v. Federated Fin. Reserve Corp.*, 144 F.3d 961, 965-66 (6th Cir. 1998)); *see also*, *e.g., Kilpakis v. JPMorgan Chase Fin. Co., LLC*, 229 F. Supp. 3d 133, 142 (E.D.N.Y. 2017) (stating that the purpose of the FCRA is to address the "serious problem in the credit reporting industry . . . of inaccurate or misleading information") (internal quotation marks and emphasis omitted); *Porter v. Talbot Perkins Children's Servs.*, 355 F. Supp. 174, 176 (S.D.N.Y. 1973) (noting that "[t]he purpose of the Fair Credit Reporting Act is to protect an individual from inaccurate or arbitrary information about [that individual from appearing] in a consumer report . . . ") (citing 116 Cong. Rec. 36572 (1970)).

5.  Plaintiff is a consumer and Experian is a consumer reporting agency ("CRA") within the meaning of the FCRA.

6.  This is a "mixed file" case.  A mixed file occurs when a CRA "mixes" information belonging to one consumer with information belonging to another consumer.  The Consumer Financial Protection Bureau defines a "mixed file" as an instance in which there has been "[i]nclusion of accounts or records in a [consumer's] credit file that do not belong to [that] consumer."[1]  A mixed file has also been defined as "a Consumer Report in which some or all of the information pertains to Persons other than the Person who is the subject of that Consumer Report." *F.T.C. v. TRW, Inc.* 784 F. Supp. 361, 362 (N.D. Tex. 1991).[2]

---

[1] "Key Dimensions and Processes in the U.S. Credit Reporting System: A review of how the nation's largest credit bureaus manage consumer data," (Consumer Financial Protection Bureau White Paper, at § 6.1, December 2012); https://files.consumerfinance.gov/f/201212_cfpb_credit-reporting-white-paper.pdf; last visited November 28, 2018.

[2] Experian Information Solutions, Inc. is formerly known as TRW, Inc.

7.  Experian mixed information concerning Plaintiff with information of one or more other consumers, resulting in disclosure of inaccurate and derogatory personal identifier information, account data, and other inaccurate information ("Mixed File Information") to known and unknown creditors (existing and potential) and other third-parties.  In so doing, Experian violated §1681e(b) of the FCRA (and an analogous provision of the NY FCRA) by failing to maintain and/or follow procedures to ensure the maximum possible accuracy of information that Experian reported about Plaintiff.

8.  Because Defendant published consumer reports about Plaintiff that included Mixed File Information, Plaintiff has suffered actual damages cognizable under the FCRA.  Those damages include (a) at least one credit denial, (b) other as yet unknown credit harm, (c) damage to Plaintiff's reputation for creditworthiness, and (d) emotional distress, anxiety, frustration, humiliation, and embarrassment.

9.  Defendant's willful violations of the FCRA entitles Plaintiff to an award of punitive damages.

## Jurisdiction and Venue

10. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p). This Court has supplemental jurisdiction of those state law claims asserted herein pursuant to 28 U.S.C. § 1367(a).

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## The Parties

12. Plaintiff, Heather May Hilgers, is an individual and "consumer" within the meaning of the FCRA (15 U.S.C. § 1681a(c)) and NY FCRA (NY GBL § 380-a(b)).  Plaintiff resides 522 Main Street, Franklin, NY 13775.

13. Defendant Experian Information Solutions, Inc. is an Ohio corporation, duly authorized and qualified to do business in the State of New York.

## Factual Allegations

*Experian is a national consumer reporting agency*

14. The data and reports Experian sells are used and expected to be used for multiple purposes governed by 15 U.S.C. § 1681b, and the data included in each report bears on the credit history, credit worthiness, reputation, personal characteristics and mode of living of each respective consumer. As such, Defendant is a national "consumer reporting agency," as defined in section 1681a(f) of the FCRA.

15. Defendant sells consumer reports (commonly called "credit reports") concerning millions of consumers annually.

*Experian's long history of mixing consumer files*

16. In the early 1990's, the FTC and Attorney Generals of nineteen states, including New York, filed lawsuits against Experian's predecessor TRW because of TRW's failure to comply with the FCRA, including the mixing of consumer files.[3]

17. In 1991, TRW signed a Consent Order with the FTC.[4]  To prevent the occurrence or reoccurrence of a mixed file, TRW agreed to use, for matching and identification purposes, a consumer's full identifying information, defined as full first and last name, full street address, zip code, year of birth, any generational designation and social security number.[5]

---

[3] http://articles.latimes.com/1991-12-11/news/mn-144_1_credit-reporting-industry; last visited November 27, 2018.

[4] https://law.justia.com/cases/federal/district-courts/FSupp/784/361/1907789/; last visited November 27, 2018.

[5] *Id.*

18. More recently, Experian has been the subject of numerous state attorney general actions relating to mixed files.  In 2015, for example, the New York Attorney General settled claims against Experian and other CRAs concerning mixed files.  *See In the Matter of Eric T. Schneiderman, Attorney General of the State of New York v. Experian Information Solutions, Inc.; Equifax Information Services, LLC; and TransUnion LLC.* [6]

19. In 2012, Ohio Attorney General Mike DeWine initiated a multistate investigation of the credit reporting practices of Experian and other CRAs, including the incidence of mixed files. Thirty-one states participated in the enforcement action, including Alabama, Alaska, Arizona, Arkansas, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maine, Maryland, Massachusetts, Michigan, Missouri, Nebraska, Nevada, New Mexico, North Carolina, North Dakota, Ohio, Oregon, Pennsylvania, Rhode Island, Tennessee, Texas, Vermont, and Wisconsin.  The enforcement action resulted in a $6,000,000.00 settlement with Equifax, Experian and Trans Union.[7]  Pursuant to the settlement, Experian and the other CRAs promised, among other things, "to implement an escalated process for handling complicated disputes – such as those involving . . . mixed files — where one consumer's information is mixed with another's."[8]

20. In 2014, the Mississippi Attorney General filed a lawsuit ("Mississippi Complaint") against Experian, alleging that Experian knowingly including erroneous data, including mixed

---

[6] http://www.ag.ny.gov/press-release/ag-schneiderman-announces-groundbreaking-consumer-protection-settlement-three-national; last visited November 27, 2018; *see also* https://ag.ny.gov/pdfs/CRA%20Agreement%20Fully%20Executed%203.8.15.pdf; last visited November 27, 2018.

[7] https://www.texasattorneygeneral.gov/news/releases/attorney-general-paxton-announces-6-million-settlement-credit-reporting-agencies; last visited November 27, 2018.

[8] *Id.*

information in consumer credit files, for millions of consumers.[9]  For example, one allegation of misconduct by Experian described in the Mississippi Complaint was that  "a lieutenant colonel in the Army National Guard was denied credit and forced to buy numerous credit monitoring services due to Experian's failure to distinguish between his credit history and those of other people in his family."[10]  Although Experian issued a public statement about the case, entitled "Why Mississippi Lawsuit Against Experian has no Merit,"[11] Mississippi Attorney General Jim Hood announced on October 19, 2016 that Experian (along with CRAs Equifax and Trans Union, which were the subjects of investigations by the Mississippi Attorney General) agreed to settlements that, among other things, required the CRAs to (a) "escalate mixed file disputes to specialized agents with substantial experience processing this type of dispute,"[12] and (b) pay the state of Mississippi more than seven million dollars.[13]

21. Thus, years before Experian mixed information in Plaintiff's credit file with the information of one or more other consumers, Experian was very much aware that both the Federal Trade Commission and the attorney generals of various states, including New York, had deemed the mixed file issue important enough to bring enforcement actions concerning or related to

---

[9] http://www.nola.com/business/index.ssf/2014/06/mississippi_sues_credit-report.html; last visited November 27, 2018.

[10] *Id.*

[11] https://www.experian.com/blogs/news/2014/06/21/why-mississippi-lawsuit-against-experian-has-no-merit/; last visited November 27, 2018.

[12] http://www.ago.state.ms.us/wp-content/uploads/2016/10/CREDIT-REPORTING-REFORM-BENEFITS-MISSISSIPPIANS.pdf; last visited November 27, 2018.

[13] http://www.ago.state.ms.us/releases/attorney-general-jim-hood-announces-that-experian-transunion-and-equifax-will-overhaul-credit-reporting-practices-and-end-deceptive-marketing-in-mississippi/; last visited November 27, 2018.

mixed files.  Nevertheless, as in this lawsuit, Experian continues to choose profits over

taking the steps necessary to implement and/or follow procedures necessary to prevent

mixed file problems  and ensure the maximum possible accuracy of consumer reports

Experian publishes, thereby violating § 1681e(b) of the FCRA (and the corresponding

provision of the NYFCRA).

22. Indeed, upon information and belief, Experian has been sued hundreds of times per year in

the past ten years in cases that included an allegation that Experian mixed the credit files of

two or more consumers.[14]

***Experian sold consumer reports containing Mixed File Information about Plaintiff***

23. Plaintiff received an "Adverse Action Notice" from Sidney Federal Credit Union ("SFCU"),

dated October 11, 2018, denying Plaintiff's application for a $4,400.00 loan.  The Adverse

Action Notice specifically stated that SFCU used information obtained from Experian on

October 10, 2018, including Plaintiff's credit score, "in making our credit decision."

24. Upon receiving the Adverse Action Notice, Plaintiff reviewed her Experian credit report and

immediately recognized that the Mixed File Information Experian was reporting included

---

[14] Private FCRA lawsuits have resulted in multi-million dollar verdicts for consumers with mixed files.  For example, in 2002, the jury in *Judy Thomas v. Trans Union LLC,* District of Oregon, Case No. 00-1150-JE, found Trans Union had willfully violated the FCRA by mixing Judy Thomas with another consumer and failing to unmix them despite Ms. Thomas' disputes.  The jury awarded Ms. Thomas $5 million in punitive damages and $300,000 in actual damages.  In 2007, the jury in *Angela Williams v. Equifax Information Services, LLC,* Circuit Court for Orange County Florida, Case No. 48-2003-CA-9035-0, awarded Angela Williams $2.7 million in punitive damages and $219,000 in actual damages for willfully violating the FCRA by mixing Angela Williams with another consumer and failing to unmix them despite Ms. Williams' disputes.  Despite the verdict, Experian continues to mix consumers' files with other consumers' files.  In 2013, the jury in *Julie Miller v. Equifax Information Services, LLC*, District of Oregon, Case No. 3:11-cv-01231-BR, awarded Julie Miller $18.4 million in punitive damages and $180,000 in actual damages for willfully violating the FCRA by mixing Julie Miller with another consumer and failing to unmix them despite Ms. Miller's disputes.  More recently, a jury assessed a $60 million verdict in a class action against Trans Union for mixing innocent persons as terrorists and drug dealers by matching consumers with the Office of Foreign Asset Control list based on first and last name alone. *See Ramirez v. TransUnion LLC,* Case No. 3:12-cv-00632 (N.D. Cal.)  Despite these and other, similar verdicts (of which Experian is aware), Experian continues to mix consumer files.

multiple inaccurate and derogatory data points, including inaccurate personal identifier information, account data, and credit inquiries.

25. In addition to SFCU, Experian published many consumer reports about Plaintiff to third-parties. Upon information and belief, many (if not all) of these consumer reports included Mixed File Information.

***Plaintiff notified Experian about Mixed File Information on her Credit Report***

26. On approximately October 11, 2018, Plaintiff contacted Experian by telephone to dispute all Mixed File Information on her credit report ("October 2018 Notice" or "October 2018 Call"). During Plaintiff's October 2018 Call, Experian admitted to Plaintiff that it had mixed Plaintiff's credit file with one or more other consumers.

27. In response to Plaintiff's October 2018 Notice, Experian sent Plaintiff "Dispute Results" on "Experian Report # 4100-0970-89" ("Dispute Results"). Experian indicated on the Dispute Results that certain Mixed File Information was deleted after Plaintiff's October 2018 Call, including but not necessarily limited to (a) two inaccurate names, Heather R. Schenck and Heather Chenck, (b) two inaccurate social security numbers, (c) five inaccurate addresses, and (d) five inaccurate collection accounts.

28. By publishing consumer reports about Plaintiff that included Mixed File Information, Experian failed to maintain and/or follow reasonable procedures to assure the maximum possible accuracy of information Experian reported about Plaintiff, in violation of § 1681e(b).

29. As a result of Defendant's acts and omissions when publishing consumer reports about Plaintiff that included Mixed File Information, Plaintiff has suffered actual damages cognizable under the FCRA. Those damages include (a) a credit denial by SCFU, (b) other

as yet unknown credit harm, (c) damage to Plaintiff's reputation for creditworthiness, and (d) emotional distress, anxiety, frustration, humiliation, and embarrassment.

30. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

31. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of Plaintiff herein.

## <u>FIRST CAUSE OF ACTION</u>
### <u>VIOLATIONS OF FCRA § 1681e(b)</u>

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33. At all times pertinent hereto, Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

34. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

35. At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

36. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for willfully and negligently failing to comply with the requirements imposed on consumer reporting agencies pursuant to 15 U.S.C. § 1681e(b).

37. The conduct of Defendant is a direct and proximate cause, as well as a substantial factor, in bringing about serious injuries, actual damages and harm to Plaintiff that is outlined more fully above.  As a result, Defendant is liable to Plaintiff for the full amount of statutory

damages, along with actual, and punitive damages, attorney's fees and the costs of litigation, as well as such further relief as may be permitted by law.

## SECOND CAUSE OF ACTION
### VIOLATIONS OF NY FCRA § 380-j(e)

38. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

39. Defendant violated the NY FCRA by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff in the preparation of Plaintiff's credit report and credit files that it published and maintained, in violation of § 380-j(e).

40. These violations of § 380-j(e) were willful, rendering Defendant liable for actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 380-l.  Plaintiff also is entitled to injunctive relief restraining the CRA Defendant from any further violations of Plaintiff's rights pursuant to the NY FCRA.

41. In the alternative, Defendant was negligent, entitling Plaintiff to recover actual damages and costs and reasonable attorney's fees pursuant to § 380-m, as well as injunctive relief restraining Defendant from any further violations of Plaintiff's rights pursuant to the NY FCRA.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendant:

1. Awarding Plaintiff against Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n and §1681o and NY GBL §380-l and §380-m;

2. Ordering Defendant:

a. to immediately and permanently (i) delete all inaccurate information from Plaintiff's credit reports and files, and (ii) cease reporting the inaccurate information to any and all persons and entities to whom Defendant reported consumer credit information; and

b. to send updated and corrected credit report information to all persons and entities to whom Defendant reported inaccurate information about Plaintiff within the last three years;

3. Enjoining Defendant from violating Plaintiff's NY FCRA rights; and

4. Such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

*/s/  Adam G. Singer*
**LAW OFFICE OF ADAM G. SINGER, PLLC**
Adam G. Singer (AS7294)
asinger@adamsingerlaw.com
One Grand Central Place
60 E. 42nd Street, Suite 4600
New York, NY 10165
T: 212.842.2428